Dear Mr. White:
You requested the opinion of this office concerning whether or not funds deposited by Southern University (the "University") at Bank One are fully secured as required by R.S. 49:321(B) if said funds are not secured during the day. You advised that the University has its operating account with Bank One, whose National Collateral Manager has written a letter dated June 28, 2002, to the University advising that the following procedure is used by Bank One for securing all public funds where a sweep account is involved:
 Prior to close of business at the end of each day, collected funds are swept out of Southern University's applicable deposit account (the "Account"). The "swept" funds are used to purchase securities under a "Repurchase Agreement" or "Repo." Separately identifiable securities are assigned to you by Bank One, and evidenced on a confirmation that you receive on a daily basis. Any funds remaining in the Account in the form of ledger balances in excess of FDIC insurance after close of the business day are collateralized by a pledge of bank securities, as required by law. In addition, when you notify us during the day that the balance in your Account has increased as a result of deposits, we pledge additional securities against those increased Account balances.
 On the morning of the next business day, your money is swept back into the Account. This is done in the form of a "memo post," meaning the funds are available to you. If for any reason you believe the amount of funds that were "memo posted" will stay in your Account at the end of business day, then you will need to notify us during the day to pledge additional securities. We do not collateralize "memo postings" or "available balances" in your Account.
 . . . And as long as you notify us of increased deposits, your intra-day remaining balances in the Account will be collateralized by a pledge of Bank One's securities. (Emphasis added)
In other words, at the end of each day, Bank One sweeps the collected funds out of the University's Account and purchases securities under a Repurchase Agreement. Any remaining monies in the form of ledger balances in the Account in excess of FDIC insurance are collateralized by a pledge of bank securities. If you notify Bank One that additional monies have been deposited into the Account, Bank One will pledge additional securities against the increased Account balances. The next morning, the University's money is swept back into the Account by way of a memo post.
R.S. 49:321 sets forth the requirements for the security for deposit of state funds, and provides in pertinent part as follows:
 C. The market value, excluding accrued interest, of the securities or the deposit guaranty bonds held by any depositing authority shall be equal to one hundred percent of the amount on deposit to the credit of the depositing authority except that portion of the deposits insured by any governmental agency insuring bank deposits which is organized under the laws of the United States; . . . (Emphasis added)
All fiscal agent banks, including Bank One, are statutorily required to collateralize the public funds held by them in an amount equal to one hundred percent of the amount on deposit, less the portion of the deposits insured by FDIC. If the University's monies are swept out of the Account into an investment, swept back into the Account via a memo posting, or just left in the Account, Louisiana law requires that there be 100% collateralization of the public funds at all times, except for the portion of the deposits insured by FDIC.
Based upon the foregoing, it is the opinion of this office that the procedure outlined in the June 28, 2002 letter from Bank One's National Collateral Manager, especially the statement that the Bank does "not collateralize `memo postings' or `available balances' in your Account", does not meet the requirements of Louisiana law.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: August 27, 2002